UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY KRUGER,

                Plaintiff,         Case Number: 09-13442

v.                                       JOHN FEIKENS
                                       UNITED STATES DISTRICT COURT
HARRAH'S ENTERTAINMENT, INC.,
A FOREIGN CORPORATION         VIRGINIA M. MORGAN
                                       UNITED STATES MAGISTRATE JUDGE

                Defendants.

_____ /

**REPORT AND RECOMMENDATION
GRANTING DEFENDANT HARRAH'S ENTERTAINMENT'S MOTION TO DISMISS
(DOC. NO. 9)**

Pending before the court is Defendant Harrah's Entertainment's "Motion to Dismiss Under Fed.R.Civ.P. 12(b)(2) and (6)," filed December 4, 2009. (Doc. No.9). For the reasons stated below, the court recommends the motion to dismiss for lack of personal jurisdiction be GRANTED.

**I. Background**

On or about December 22, 2009, Plaintiff Jeffrey Kruger ("Plaintiff") filed a complaint against Defendant Harrah's Entertainment, Inc. ("Defendant") in the U.S District Court for the Eastern District of Michigan, seeking damages for injuries suffered during a slip and fall incident at Caesars Windsor (Compl. ¶9). Plaintiff's complaint is premised on Defendant's partial ownership of its subsidiary, Windsor Casino Limited, an Ontario corporation. (Pl.'s Resp. 1). Plaintiff was a resident of the Warren, MI at the time of injury. (Compl. ¶1).

1

Plaintiff alleges Caesars Windsor is the alter ego of Defendant. (Pl's Resp. at 1). Caesar Windsor is operated by Windsor Casino Limited, an Ontario corporation. (Id.). Windsor Casino Limited is 50% owned by Caesars Entertainment Windsor Holding, Inc. which is 100% owned by Caesars World Inc. (Id.). Caesars World, Inc, is 100% owned by Harrah's Operating Company Inc. (Id.). Defendant owns 100% of Harrah's Operating Company, Inc. (Id.).

Plaintiff proffers that two of Defendant's subsidiaries, Harrah's Southwest Michigan Corporation and Harrah's Operating, Inc. are registered with the Michigan Department of Labor and Economic Growth. (Id.). Both corporations maintain corporate offices in Michigan. (Id.). Plaintiff also alleges that Windsor Casino Limited, Defendant's subsidiary and Plaintiff's operator, conducts and solicits substantial business from Michigan by maintaining a Detroit, Michigan mailing address and expending a significant amount is advertisement in Michigan. (Id. at 1-2).

Defendant is a Nevada corporation with no corporate registration, offices, facilities, or other property in Michigan. (Def.'s Mot. at 6). Defendant also has no registered agent or employees in Michigan. Defendant asserts it does not conduct any business in the state of Michigan. (Id.).

On December 4, 2009, Defendant filed this pending motion to dismiss (Doc. No. 9) for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. The motion was fully briefed and this court heard oral arguments on January 27, 2010.

**II. Standard of Review**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(2), a plaintiff bears the burden of establishing the existence of jurisdiction. *Air Products and Controls, Inc. v. Safetech Intern.,*

*Inc.*, 503 F.3d 544, 549 (6th Cir. 2007); *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2 1212, 1214 (6th Cir. 1989). The plaintiff need only make a prima facie showing of jurisdiction absent an evidentiary hearing on the issue of personal jurisdiction. *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F.Supp.2d 1014, 1017 (E.D. Mich 2002). The pleadings, depositions and affidavits are considered in the light most favorable to the plaintiff where a court does not conduct an evidentiary hearing. *Id.*

To determine personal jurisdiction in a diversity of citizenship case or over a non-consenting defendant outside the forum, the court must be satisfied or two requirements. *Hi-Tex, Inc. v. TSG, Inc.*, 87 F.Supp.2d 738, 742 (E.D. Mich. 2000). First, a court must look to the laws of the forum state. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Second, personal jurisdiction must be consistent with due process. *Neogen Corp. v. Neo Gen Screening, Inc.* 282 F.3d 883, 888 (6th Cir. 2002).

A parent corporation "may be subject to personal jurisdiction in a state where its subsidiary is doing business, provided that the corporate separation is fictitious, the parent has held the subsidiary out as agent, or the parent has exercised undue control over the subsidiary." *Velandra v. Regis Nationale des Usines Renault*, 336 F.2d 292, 296 (6th Cir. 1964). However, the parent company's ownership of a subsidiary alone does not establish personal jurisdiction. *Schwatrz v. Elec. Data Sys., Inc.* 913 F.2d 279 (6th Cir. 1990). The ultimate question is whether the parent itself has the required minimum contacts with the forum state to establish personal jurisdiction. *Velandra*, 336 F.2d at 296. The court must presume the parent and subsidiary are separate entities, unless the plaintiff proves otherwise. *Dean v. Motel Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998).

## III. Discussion

In Michigan, jurisdiction over the person or entity can exist on the basis of general or limited personal jurisdiction. "In a case of general jurisdiction, a defendant's contacts with the forum state [must be] of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contact with the state. *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1998). For limited personal jurisdiction, "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Wedge Group, Inc.*, 882 F.2d at 1089.

### A. General Jurisdiction

For purposes of general personal jurisdiction, M.C.L. 600.711 provides:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to exercise person judgments against the corporation.
>
> (1) Incorporation under the laws of this state.
>
> (2) Consent, to the extent authorized by the consent and subject to the limitation provided in section 745.
>
> (3) The carrying on of a continuous and systematic part of its general business within that state.

M.C.L. 600.711.

M.C.L. 600.711 (1) and (2) are not in dispute. Defendant is a Nevada corporation and does not consent to general personal jurisdiction in this court. (Def.'s Mot. 6). In addition, Defendant contends it does not carry on a "continuous and systematic" portion of its business in

4

Michigan. (*Id*.). Defendant argues its only connection with both Michigan and Windsor Casino Ltd. is advertisement for Casesars Windsor in Michigan (*Id*.).

Plaintiff alleges this court has general jurisdiction over Defendant because Harrah's Entertainment, Inc. "carries on a continuous and systematic part of its business within Michigan." (Pl.'s Resp. at 6). Plaintiff asserts Defendant's subsidiary, Harrah's Operating Company, is a 50% owner of Windsor Casino Limited and shares its two highest ranking corporate officials with Defendant. (*Id*.). Harrah's Operating Company also shares an officer with Windsor Casino Limited. (*Id*.). Plaintiff also asserts Harrah's Operating Company holds a registered business office in Michigan and Windsor Casino Limited maintains a mailing address in Detroit. (*Id.*). Plaintiff argues Defendant's parent relationship with Harrah's Operating Company and shared corporate officials with its subsidiaries is sufficient to establish Defendant carries on a continuous and systematic part of its business within Michigan for general jurisdictional purposes.

Plaintiff has failed to provide sufficient evidence to show Defendant, itself, carries on a continuous and systematic part of its business within Michigan. Defendant is a parent corporation nearly four times removed from Windsor Casino Limited, a foreign corporation. Furthermore, Defendant is not incorporated in the state of Michigan and does not have employees or property in Michigan. Defendant does not carry on a sufficient amount of business in Michigan to warrant bringing Defendant into this court. An exercise of general jurisdiction over Defendant would not comport with constitutional due process.

**B. Limited Jurisdiction**

Limited personal jurisdiction is governed by M.C. L. 600.715, which provides:

> The existence of any of the following relationships between a corporation
> or its agent and the state shall constitute a sufficient basis of jurisdiction to

> enable such courts to render personal judgements against such corporation arising out of the act which create any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by defendant.

M.C.L. 600.715. Under Michigan's long-arm statute, limited personal jurisdiction is appropriate where a claim arises out of in-state activity or is based on activity with an instate effect. M.C.L. §600.711. "The transaction of any business necessary for limited personal jurisdiction under 600.715(1) is established by the 'slightest act of business in Michigan.'" *Neogen*, 282 F. 3d at 888 (quoting *Lanier v. Am. Bd. Of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1988).

The state's jurisdiction extends to the limits imposed by federal constitutional Due Process requirements. *Sports Auth. Mich., Inc. v. Justballs, Inc.*, 97 F. Supp.2d 806, 809 (E.D. Mich. 2000). Due Process requires a showing that the defendant "purposefully availed "itself of the privilege of doing business in Michigan. *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). To establish the purposeful availment, Plaintiff must show Defendant made sufficient "minimum contacts" with Michigan "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* The contact may not be " 'random,' 'fortuitous,' or 'attenuated' contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Rather, the

6

defendant's contacts with the forum state must be the "proximate result from actions by the defendant himself that create a 'substantial connection' with the forum [s]tate." *Id*. at 475.

To determine whether limited personal jurisdiction may be exercised over a non-resident defendant, the Sixth Circuit developed three requirements: 1) the defendant must purposefully avail itself of the privilege of acting in Michigan or causing a consequence in Michigan; 2) the cause of action must arise from the defendant's activities in Michigan; and 3) the acts of the defendant or consequences caused by the defendant must have substantial enough connection with Michigan to make the exercise of jurisdiction over the defendant reasonable. Southern *Mach. Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). The court may infer that the third element is satisfied when the first two elements are met. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996).

Plaintiff asserts this court has limited personal jurisdiction over Defendant because its two wholly owned subsidiaries conduct the majority of Defendant's business, including casino operations. (Pl.'s Resp. 8). Plaintiff also asserts Defendant Harrah's Entertainment's officers and directors are registered to conduct business in Michigan through Defendant's subsidiaries. (Id.). Plaintiff Kruger contends that as a parent corporation or alter ego of its subsidiaries, Defendant essentially conducts business in Michigan. (Id. at 4-5).

Defendant argues Plaintiff failed to provide sufficient evidence to show Defendant purposefully availed itself of the privilege of acting in Michigan, the cause of action arose from Defendant's activities in Michigan, and exercise of jurisdiction over Defendant is reasonable in this court. (Def.'s Mot. at 4-5). Defendant asserts that its subsidiaries and solicitation for customers for Caesars Windsor within Michigan do not subject Defendant to limited personal

7

jurisdiction. (Id. 9). The court agrees.

Plaintiff's argument for limited personal jurisdiction over Defendant is far too attenuated. Due process would not allow this court to find limited personal jurisdiction over Defendant from the mere existence of a subsidiary in Michigan. As the Sixth Circuit stated in *Dean v. Accor,* 134 F.3d 1269, 1274 (6th Cir. 1998) "a company does not purposefully avail itself merely by owning all of some of a corporation subject to jurisdiction." Furthermore, the claim relates to an even further removed subsidiary, Windsor Casino Limited, located in a foreign country. Even though Plaintiff suggests an integrated business relationship between Defendant and its subsidiaries, Plaintiff has failed to show direct evidence as to Defendant's involvement in the operation of Windsor Casino Limited. This court finds Michigan's long-arm statute does not extend to Defendant for purposes of limited personal jurisdiction.

This court need not address Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

**IV. Conclusion**

IT IS SO ORDERED that Defendant's "Motion to Dismiss Under Fed.R.Civ.Pro 12(b)(2) is GRANTED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arb*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1981). The filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections

a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen(14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: February 24, 2010

---

### **PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 24, 2010.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan

9